IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



FILED
AUG - 8 2005
IN THIS OFFICE
Clerk U S District Court
Greensboro N C
By _____

Christopher Lee Neal, )
)
         Petitioner, )
) **1:05CV00689**
v )  2 94CR300-2
)
United States of America, )
)
         Respondent )

### RECOMMENDATION AND ORDER
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a letter seeking to raise challenges to his conviction and sentence. The letter therefore must be construed as a motion to vacate sentence under 28 U S C § 2255. See United States v. Winestock, 340 F 3d 200 (4th Cir 2003) (Fed R Civ P 60(b) motion). As such, petitioner's pleading is defective because he has failed to file his claims on the proper Section 2255 forms. See Rules Governing Section 2255 Proceedings Rule 2(b).

There is no need to put petitioner through the extra work of submitting his claims on the proper forms, however, because Court records reveal that petitioner has already challenged this conviction in a previous Section 2255 action [No 1 03CV252]. Therefore, the present pleading should be dismissed for lack of jurisdiction because of petitioner's failure to obtain permission from the Fourth Circuit for a second or successive Section 2255 action, as is required by 28 U S C § 2244 and 28 U S C § 2255. See Winestock, 340 F 3d at 200.

**IT IS THEREFORE ORDERED** that the clerk send petitioner a copy of this recommendation, instruction forms for filing Section 2255 actions in this Court and Motions for Authorization in the court of appeals, and four copies of Section 2255 forms (more copies will be sent on request). Petitioner should keep the original and two copies of the completed

Section 2255 forms which can be submitted in this court if petitioner obtains approval from the Fourth Circuit

**IT IS THEREFORE RECOMMENDED** that petitioner's letter dated July 11, 2005, be construed as an attempt by petitioner to file a second or successive Section 2255 action

**IT IS FURTHER RECOMMENDED** that this action be dismissed due to petitioner's failure to obtain certification from the Fourth Circuit as required by 28 U S C §§ 2244 and 2255 and Fourth Circuit Local Rule 22(d)

<u>Wallace W. Dixon, U.S. Magistrate Judge</u>

August 8, 2005